IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. SIMPSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>FIREMAN'S FUND INSURANCE COMPANY,<br><br>    Defendant,<br><br>  and<br><br>FIREMAN'S FUND MEDICAL PLAN,<br><br>    Nominal Defendant.<br>_____/ | No. C 05-00225 CW<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION |

    This case arises from the adoption of an amended leave of absence policy by Defendant Fireman's Fund Insurance Company (FFIC) to terminate employees who were participants in Defendant Fireman's Fund Medical Plan (Medical Plan) and who were on approved medical leave but were unable to return to work, with the alleged intent of preventing them from continuing to receive benefits under the Medical Plan.  Plaintiff James W. Simpson moves for class certification under Rules 23(a) and (b)(1) and (b)(2), or alternatively under Rule 23(b)(3) of the Federal Rules of Civil Procedure.  Defendants FFIC and Medical Plan oppose Plaintiff's motion to the extent that Plaintiff's purported class includes

current FFIC employees who are participants in the Medical Plan.[1] Defendants propose that the class be limited to Medical Plan participants who were discharged from employment pursuant to the challenged amended leave of absence policy, and be certified under Rule 23(b)(1) and (b)(2). Having considered all of the papers filed by the parties, the Court GRANTS Plaintiff's motion for class certification.

BACKGROUND

Plaintiff alleges that Defendant FFIC violated section 510 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1140, when it revised its medical leave policy in July, 2004 to disqualify employees, such as himself, who were on approved medical leave but unable to return to work, with the intent of preventing them from continuing to receive benefits under the Medical Plan.

From approximately September 20, 1993 until the involuntary termination of his employment in August, 2004, Plaintiff was on approved medical leave as a result of his disability. Pursuant to FFIC's policy in effect during that time, Plaintiff remained an employee of FFIC and continued to participate in the Medical Plan. However, effective July 1, 2004, FFIC changed its medical leave of absence policy to provide that medical leave would end when, "based

---

[1] Defendants also challenge Plaintiff's inclusion of "future" FFIC employees in the proposed class. See Defendants' Opposition to Plaintiff's Motion for Class Certification (Def. Mem.) at 1:24. Plaintiff, however, does not seek to include future employees. See Plaintiff's Notice of Motion and Motion for Class Certification; Memorandum of Points and Authorities in Support Thereof (Pl. Mem.) at 1:7-10. The class proposed by Plaintiff includes current and discharged employees only. Id.

2

upon the employee's medical condition, a determination is made that the employee is unable to return to work with or without reasonable accommodation." Compl., ¶ 17.

In July, 2004, Plaintiff received a letter from FFIC which stated that because he was receiving long-term disability benefits and met Social Security's definition of "Disabled," it was "reasonable [for FFIC] to conclude that [Plaintiff] will not be returning to work at FFIC" and that Plaintiff's "employment will be terminated effective August 23, 2004." Compl., ¶ 17. FFIC sent similar letters to other FFIC employees who were on leave due to disability and who were covered by FFIC's long-term disability plan. Id., ¶ 22.

Plaintiff alleges that Defendant FFIC adopted the amended leave of absence policy for the purpose of interfering with Medical Plan participants' ability to receive benefits under the Medical Plan or other ERISA-covered plans sponsored by FFIC. Plaintiff claims that, by adopting this policy, FFIC violated section 510 of ERISA. Id., ¶¶ 28-34.

Plaintiff now seeks certification to represent a class defined as:

> All persons who are or were employees of Defendant Fireman's Fund Insurance Company ("FFIC") or any of its affiliates as of July 1, 2004 or thereafter and who are or were participants in the Fireman's Fund Medical Plan as of July 1, 2004 or thereafter, and who either (a) are still employed by FFIC or (b) were discharged on or after July 1, 2004 upon FFIC's determination that they were unable to return to work.
>
> Excluded from the Class are any officers and directors of FFIC and/or Allianz Group and any employees who had any decision-making or recommending authority relating to the amended leave of absence policy at issue.

3

Defendants oppose Plaintiff's motion for class certification on two grounds. First, Defendants oppose the inclusion of current employees in the proposed class because current employee class members do not share common issues of fact or law with the terminated employee class members, and because current employees' claims are not typical of any claims held by discharged employees. Second, Defendants oppose the certification of any class under Federal Rule of Civil Procedure 23(b)(3) because such certification would create the risk that FFIC could be subjected to inconsistent and incompatible judgments.

Defendants do not, however, oppose the certification under Rule 23(a) and (b)(1) and (b)(2) of a class that is limited to Medical Plan participants whose employment with FFIC or its affiliates was terminated under FFIC's amended leave of absence policy. Therefore, Defendants urge the Court to deny Plaintiff's motion to certify a class including current FFIC employees. Instead, Defendants propose the certification of the following class under Rule 23(a) and (b)(1) and (b)(2):

> All persons who (A) as of July 1, 2004, were (1) employees of Defendant Fireman's Fund Insurance Company ("FFIC") or any of its affiliates; (2) participants in the Fireman's Fund Medical Plan, and (3) on a medical leave of absence from work, and (B) were terminated from employment on or after July 1, 2004 because they were unable to return to work with or without reasonable accommodation.

DISCUSSION

I.  Legal Standard for Class Certification

To justify class certification, Plaintiff must satisfy both the threshold requirements of Rule 23(a) as well as the

4

requirements for certification under one of the subsections of Rule 23(b). See Fed. R. Civ. Proc. 23.

Rule 23(a) permits district courts to certify class action lawsuits if: (1) the class is so numerous that joinder of all members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the class (adequacy). See Fed. R. Civ. Proc. 23(a).

The party seeking class certification bears the burden of demonstrating that each element of Rule 23(a) is satisfied. Doninger v. Pacific Northwest Bell, Inc., 564 F.2d 1304, 1308 (9th Cir. 1977). A district court may certify a class only if, after "rigorous analysis," it determines that the party seeking certification has borne its burden. General Telephone Co. v. Falcon, 457 U.S. 147, 158-61 (1982). This determination, however, is committed to the district court's discretion. Califano v. Yamasaki, 442 U.S. 682, 703 (1979).

In determining whether the plaintiff has carried his burden, the court may not consider the merits of the plaintiff's claims. Burkhalter Travel Agency v. MacFarms Intern., Inc., 141 F.R.D. 144, 152 (N.D. Cal. 1991). Instead, the court must take the substantive allegations of the complaint as true. Blackie v. Barrack, 524 F.2d 891, 901 (9th Cir. 1975). Nevertheless, the court need not accept conclusory or generic allegations regarding the suitability of the litigation for resolution through class action. Burkhalter, 141

F.R.D. at 152.

In addition to the requirements of Rule 23(a), Plaintiff must meet the requirements of 23(b). Plaintiff has moved for certification, preferably under 23(b)(1) and (b)(2), or alternatively under Rule 23(b)(3). Rule 23(b)(1) applies where the prosecution of separate actions by individual members of the class would create the risk of "inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class," or of adjudications "which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests." Fed. R. Civ. P. 23(b)(1).

Rule 23(b)(2) applies where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. Proc. 23(b)(2).

II.  Disputed Requirements of Rule 23(a)

Defendants' opposition to the inclusion of current employees who are participants in the Medical Plan is based on the commonality and typicality requirements of Rule 23(a). Defendants do not dispute that Plaintiff's proposed class satisfies the numerosity and adequacy prerequisites of the rule.

    A.    Commonality

"A class has sufficient commonality 'if there are questions of fact and law which are common to the class.'"  <u>Hanlon v. Chrysler</u>

Corp., 150 F.3d 1011, 1019 (9th Cir. 1998)(quoting Fed. R. Civ. P. 23(a)(2)). "All questions of fact and law need not be common to satisfy this rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." Id.

Defendants argue that, because the current employees have not been terminated, whether the amended leave of absence policy violated ERISA § 510 is not relevant to their legal interests. Plaintiff, on the other hand, argues that proving a violation of ERISA § 510 is a common legal issue that concerns the claims of current as well as discharged employees. Plaintiff explains that, if he proves that the amended policy violates ERISA § 510, an injunction preventing FFIC from terminating current employees in the event that they go on medical leave and become disabled and unable to return to work is appropriate. In addition to a common legal issue, Plaintiff argues that the factual issue is the same for the current and discharged employees: "Did FFIC adopt the policy with the intent to prevent Plaintiff and the class from receiving benefits under the Medical Plan and/or other ERISA plans?" Plaintiff's Reply (Pl. Reply) at 5:14-15.

The Court agrees with Plaintiff. Contrary to Defendants' assertions, it is the conduct of Defendants which is at issue, not whether a particular employee has been terminated pursuant to the amended leave of absence policy. The amended policy was adopted on a company-wide basis and it applies to all employees, whether they were on approved medical leave at the time the policy went into

7

effect or whether they may go on such a leave in the future. Defendants do not dispute that current employees who go on medical leave in the future and become so disabled as to be unable to return to work will be terminated under the amended policy. Defendants' Responses to Plaintiff's First Set of Interrogatories to all Defendants (Def. Interrog. Resp.) No. 3(e)-3(h). In seeking injunctive relief, Plaintiff is trying not only to obtain reinstatement for himself and other discharged employees, but also to prevent Defendants from enforcing the amended policy in the future. Therefore, the commonality requirement is satisfied for the class proposed by Plaintiff because both the legal and factual issues are common to the current employees and to those discharged pursuant to the amended leave of absence policy.

B. Typicality

Defendants contend that, although Plaintiff's claims are typical of other participants in the Medical Plan who, like him, were terminated as a result of the amended policy, Plaintiff's claims are not typical of those of the current employees who have not been terminated because they have not been "injured" by FFIC's amended policy. Def. Mem. at 5:5-8. Defendants also argue that Plaintiff only has "standing to assert his argument on his own behalf [and on behalf of the discharged employees] because he has suffered an injury in fact in form of termination of his employment. . . ." Def. Mem. at 4:27-28. Plaintiff asserts that his claims are typical of those of the current employees who are participants in the Medical Plan because typicality does not require that all class members suffer the same injury as the class

representative.

"The typicality prerequisite of Rule 23(a) is fulfilled if 'the claims or defenses of the representative parties are typical of the claims or defenses of the class.'" Hanlon, 150 F.3d at 1020 (quoting Fed. R. Civ. P. 23(a)(3)). "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." Id. In determining whether typicality is met, the focus should be "on the defendants' conduct and plaintiff's legal theory", not the injury caused to the plaintiff. Rosario v. Livaditis, 963 F.2d 1013, 1018 (7th Cir. 1992). Typicality does not require that "all class members suffer the same injury as the named class representative." Id.

Plaintiff relies Gavalik v. Continental Can Co., 812 F.2d 834 (3rd Cir. 1987), where the court explained that ERISA § 510 "is designated to prevent injury to employees' protected rights, not simply to redress the injury after the goals of a discriminatory plan have been effectuated." Id. at 856. The court stated that because ERISA § 510 is designated to prevent injury, "actual deprivation is not a prerequisite to class liability under § 510, ergo the challenged act need not have caused actual deprivation or have actually interfered with the attainment of pension eligibility." Id. The court concluded that it was the employer's adoption of the policy, not whether the policy produced "immediate or tangible effects on [participants'] rights" that determined whether ERISA § 510 had been violated. Id.

Here, like Gavalik, Plaintiff challenges not merely the

9

termination of certain employees, but also the adoption of the amended policy, which applies to both current and discharged employees. Although the current employees have not suffered an actual deprivation of their employment, they have suffered an adverse impact on their right to receive medical benefits by the adoption of the amended policy because they face the potential loss of Medical Plan benefits should they be forced to take a medical leave of absence. Consequently, their claims challenging the legality of the amended leave of absence policy arise from the same legal theory as the claims of Plaintiff and the other former employees who have lost their benefits as a result of this policy.

Moreover, Defendants confuse the concepts of standing and typicality. In a class action, the question of whether the plaintiff may be allowed to present claims on behalf of others does not depend on the standing of the absent class members, but on an assessment of typicality and adequacy of representation of the named plaintiff. See Lewis v. Casey, 518 U.S. 343, 395 (1996)("Whether or not the named plaintiff who meets individual standing requirements may assert the rights of absent class members is neither a standing issue nor an Article III case or controversy issue but depends rather on meeting the prerequisites of Rule 23 governing class actions."); see also Stevens v. Harper, 213 F.R.D. 358, 369 (E.D. Cal. 2002) (explaining that "the appropriate class [definition]" and the typicality requirement is "distinguishable from the foundational question of standing"). Therefore, the typicality requirement is satisfied for the class proposed by Plaintiff.

10

III. Rule 23(b)

Having met the prerequisites of Federal Rule of Civil Procedure 23(a) for class certification, Plaintiff is entitled to proceed on a class basis if the class meets the requirements of one of the subsections of Federal Rule of Civil Procedure 23(b). Here, Plaintiff prefers to proceed under Federal Rule of Civil Procedure 23(b)(1) and (b)(2). Defendants do not dispute that the class, as they define it, should be certified under Rule 23(b)(1) and (b)(2) and in fact urge the Court to do so. Accordingly, the Court concludes that certification is proper under Rule 23(b)(1) and (b)(2).

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for class certification, and certifies the class as follows:

> All persons who are or were employees of Defendant Fireman's Fund Insurance Company ("FFIC") or any of its affiliates as of July 1, 2004 or thereafter and who are or were participants in the Fireman's Fund Medical Plan as of July 1, 2004 or thereafter, and who either (a) are still employed by FFIC or (b) were discharged on or after July 1, 2004 upon FFIC's determination that they were unable to return to work.
>
> Excluded from the Class are any officers and directors of FFIC and/or Allianz Group and any employees who had any decision-making or recommending authority relating to the amended leave of absence policy at issue.

IT IS SO ORDERED.

Dated: SEP 27 2005

CLAUDIA WILKEN
United States District Judge