1
2
3
4
5
6

MARC I. MACHIZ
R. JOSEPH BARTON – CA State Bar No. 212340
COHEN, MILSTEIN, HAUSFELD & TOLL,
P.L.L.C.
1100 New York Avenue, N.W. Suite 500
Washington, D.C.  20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
E-mail: MMachiz@CMHT.com

7
8
9
10
11
12
13

JEFFREY LEWIS – CA State Bar No. 66587
VINCENT CHENG – CA State Bar No. 230827
MICHELLE ROBERTS – CA State Bar No. 239092
LEWIS, FEINBERG, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA  94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
E-mail: jlewis@lewisfeinberg.com

Attorneys for Plaintiff and the Class

14

UNITED STATES DISTRICT COURT

15

NORTHERN DISTRICT OF CALIFORNIA

16
17
18
19
20
21
22
23
24
25

JAMES W. SIMPSON, individually and on
behalf of all others similarly situated,

Plaintiff,

vs.

FIREMAN'S FUND INSURANCE
COMPANY,

Defendant,

and

FIREMAN'S FUND MEDICAL PLAN,

Nominal Defendant.

Case No. C 05-00225 CW

**ORDER GRANTING STIPULATION RE
RELIEF AND BIFURCATION**

**[Civil L.R. 7-12]**

26

WHEREAS, Paragraph D of Plaintiff's Prayer for Relief in the Complaint seeks, as an

27

element of relief for the alleged ERISA violation of Defendants, reinstatement of Plaintiff and

28

other LTD Group Class Members[1] to employment with Defendant Fireman's Fund Insurance Company ("FFIC"), as though their employment had never been terminated;

WHEREAS, Paragraphs E and F of Plaintiff's Prayer for Relief seek on behalf of Plaintiff and the LTD Group Class Members (1) reinstatement to FFIC's medical and other employee benefit plans ("the Plans") retroactive to their respective termination dates, and (2) requests that Plaintiff and the LTD Group Class Members be placed in the same position that they would have been in had Defendant FFIC not terminated their employment;

WHEREAS, Paragraph F of Plaintiff's Prayer for Relief seeks, on behalf of Plaintiff and the LTD Group Class Members, among other things, reimbursement of sums they paid for non-FFIC medical, dental, and/or vision coverage from the dates of their respective terminations to the time judgment is entered which Plaintiff and the Class contend would have been paid for by one or more of the FFIC welfare benefit plans if they had not been unlawfully discharged;

WHEREAS, Defendants have requested discovery from the LTD Group Class Members who have received retirement plan distributions concerning whether they are receiving Social Security Disability Insurance ("SSDI"), how the distributions have been spent, and the extent to which those moneys are available to return to the Plans;

WHEREAS, Defendants have also requested discovery from the LTD Group Class Members regarding the sums, if any, they have expended on non-FFIC medical, dental, and/or vision coverage, and the sums, if any, they expended on medical, dental, and/or vision care they contend should have been paid for by one of the FFIC welfare benefit plans;

WHEREAS, Plaintiff and the Class have moved to quash the subpoenas issued on or about December 30, 2005 by Defendants' attorneys to certain of the LTD Group Class Members, on the grounds that, among other things, such discovery is not relevant to any claims or relief sought in this case;

---

[1] The "LTD Group Class Members" are defined for purposes of this Stipulation and Order as those members of the certified Class whose FFIC employment was terminated on or after July 1, 2004 as a result of the application of the amended leave of absence policy described in the Complaint.

1    WHEREAS, Plaintiff and the Class alternatively argue in their motion to quash the

2 subpoenas that even if discovery regarding relief is appropriate, it should be postponed until after

3 a liability determination has been made and all common issues have been resolved;

4    WHEREAS, Defendants have also expressed their desire to take the depositions of some

5 LTD Group Class Members;

6    WHEREAS, all discovery concluded on January 31, 2006; and

7    WHEREAS, Plaintiff and Defendants agree that the discovery from the LTD Group Class

8 Members who have received retirement plan distributions concerning whether they are receiving

9 SSDI, how the distributions have been spent, and the extent to which those moneys are available

10 to return to the plans would be unnecessary if Plaintiff did not seek automatic reinstatement of all

11 LTD Group Members as an item of potential relief;

12    WHEREAS, Plaintiff and Defendants further agree that the balance of the discovery

13 described above would be premature at this time, provided that Defendants are allowed a

14 reasonable time to conduct discovery regarding any individual issues concerning the relief sought

15 by Plaintiff and the LTD Group Class Members in the event a determination of liability is made

16 and the Court permits discovery after Plaintiff has had the opportunity to assert any objections to

17 such discovery.

18    NOW, THEREFORE, it is stipulated and agreed by and between the Parties hereto, that:

19    1.    To the extent Paragraphs D, E, and F of Plaintiff's Prayer for Relief seek

20 retroactive reinstatement of LTD Group Class Members (defined as those members of the

21 certified Class whose employment was terminated on or after July 1, 2004 as a result of the

22 application of the Amended Leave of Absence Policy described in Paragraph 17 of the

23 Complaint) to employment and participation in the Plan(s), those Paragraphs seek only an order

24 requiring Defendant FFIC to offer the LTD Group Class Members reinstatement to employment

25 and to participation in the Plans.  Plaintiff and the Class do not seek an order mandating that all

26 LTD Group Class Members be automatically reinstated to employment and to participation in the

27 Plans, but rather that any such LTD Group Class Member shall have a one-time election to accept

28 such reinstatement, subject to the terms and conditions, if any, determined and imposed by the

Case No. C 05-00225 CW
Stipulation re Relief and Bifurcation

Court.  Nothing herein shall preclude Plaintiff from seeking such other relief in addition to reinstatement to employment and employee benefit plan participation.

2.      Notwithstanding the foregoing, nothing herein shall be read as constituting agreement by Plaintiff or the Class to any of the following:  (a) that reinstatement may under any circumstances be conditioned on the repayment of any pension distribution (defined benefit or 401(k)); (b) that if the Court decides that repayment of a pension distribution may under some circumstances be required as a condition of reinstatement to employment, those circumstances exist for any particular Class Member; or (c) that any retroactive premiums will be required as a condition of reinstatement to participation in any of the Plan(s).

3.      All discovery related to issues common to the Class, including, but not limited to (a) whether Plaintiff and the Class are entitled to relief, (b) the nature and type of relief available to Plaintiff and the Class, and (c) the circumstances under which such relief sought by Plaintiff and the Class may be obtained by Plaintiff and the Class shall be closed as of January 31, 2006.

4.      The proceedings in this case shall be bifurcated only as provided herein.  All issues regarding (a) liability and (b) common questions related to relief, including any argument that any relief sought by the Class requires or does not require examination of the individual circumstances of any member of the Class shall be addressed in any motion for summary judgment (should any party choose to address any such issue by such motion) and/or at the trial in this case.

5.      Defendants' First Set of Requests for Production of Documents and any properly issued subpoenas to LTD Group Class Members which have not been withdrawn shall be held in abeyance and Defendants shall not seek to enforce any such discovery or promulgate new discovery on individual class member issues until after a decision on the merits as described in Paragraph 4 has been issued.

6.      Defendants will not seek to take the depositions of any LTD Group Class Members prior to a decision on the merits as to any common issues.

7.      Notwithstanding the foregoing, nothing herein shall be read as constituting agreement by Plaintiff or the Class that any discovery that may be sought by Defendants is

1   relevant or otherwise proper; provided, however, that Plaintiff and the Class shall not object to

2   any such discovery on the ground that it was not completed by January 31, 2006.

3          8.      Nothing in this stipulation shall be construed as an agreement by Defendants that

4   Plaintiff or any LTD Group Class Member is entitled to any remedy regardless of the Court's

5   ruling on the merits.

6

7   **IT IS SO STIPULATED:**

8

9   Dated: February 8, 2006            COHEN, MILLSTEIN, HAUSFELD, & TOLL, P.L.L.C.

10                                     LEWIS, FEINBERG, RENAKER & JACKSON, P.C.

11

12                                     _____s/Jeffrey Lewis_____
                                       By:    Jeffrey Lewis, Esq.
13                                            Attorneys for Plaintiff

14  Dated: February 8, 2006            MORGAN, LEWIS & BOCKIUS LLP

15

16                                     _____s/D. Ward Kallstrom_____
                                       By:    D. Ward Kallstrom, Esq.
17                                            Donald P. Sullivan, Esq.
                                              Attorneys for Defendants

18

19  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

20         2/13/06                                     /s/ CLAUDIA WILKEN
    Dated: _____         _____
21                                                    Hon. Claudia Wilken
                                                      U.S. District Judge
22

23

24

25

26

27

28