United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SIMPSON,<br><br>  Plaintiff,<br><br>  vs.<br><br>FIREMAN'S FUND INSURANCE CO., et al.,<br><br>  Defendants._____/ | No. C 05-0225 CW (MEJ)<br><br>**ORDER PERMITTING LIMITED DEPOSITION OF LESLIE SCHUPPAN** |

The Court is in receipt of the parties' joint discovery dispute letter, filed February 17, 2006. Doc #41. In the parties' letter, plaintiff James Simpson ("Plaintiff") requests a court order permitting the deposition of non-party Leslie Schuppan beyond the January 31, 2006 discovery cut-off. In this case, Plaintiff alleges that defendant Fireman's Fund Insurance Company ("Defendant") adopted an amended leave of absence policy, in whole or in part, to terminate employees for the purpose of preventing them from receiving medical and other benefits. In approximately November 2002, Defendant hired non-party Watson Wyatt Worldwide ("Watson") as a consultant for the redesign of its disability plans. Plaintiff seeks to depose Ms. Schuppan, the author of handwritten notes dated November 1, 2002, that record a conversation between Ms. Schuppan and Harriet Guberman, who was Defendant's Senior Director of Benefits. Plaintiff seeks permission to take a limited telephone deposition of Ms. Schuppan related to the creation and recording of the handwritten notes.

Plaintiff argues that, despite diligent efforts to obtain documents from Watson well in

1 advance of the discovery cut-off of January 31. 2006, he did not receive the requested documents
2 until November 23, 2005.  In an effort to avoid taking the deposition of Ms. Schuppan unless
3 necessary, Plaintiff's counsel states that they inquired about the November 1, 2002 conversation at
4 the deposition of Ms. Guberman on January 11, 2006.  Although Ms. Guberman testified regarding
5 the issues mentioned in the handwritten notes, Plaintiff argues that she failed to testify completely as
6 to the nature of the handwritten notes.  Plaintiff seeks to depose Ms. Schuppan to determine the
7 nature and context of the handwritten notes, including whether the statements were motivating
8 factors for the disability re-design.

9 　　　In response, Defendant argues that Plaintiff had ample opportunity to take Ms. Schuppan's
10 deposition before the close of discovery.  Specifically, Defendant states that Plaintiff's counsel used
11 many of the Watson documents as exhibits during a deposition they took on November 29, 2005.  As
12 those exhibits disclosed Ms. Schuppan's name numerous times, Plaintiff could have contacted
13 Watson at the end of November 2005 when it reviewed the documents instead of waiting until early
14 January 2006.  Defendant further argues that Plaintiff has failed to show a legitimate need to take
15 Ms. Schuppan's deposition.  Because Ms. Guberman testified that the statements in the handwritten
16 notes were true statements, Defendant contends that the deposition of Ms. Schuppan can add very
17 little to this case.  Finally, Defendant argues that the contents of the handwritten notes are irrelevant
18 because Plaintiff has failed to show any connection between Watson's role in the redesign of
19 Defendant's disability policies and its decision to amend its leave of absence policy.

20 　　　Upon review of the parties' arguments, the Court agrees with Defendant that Plaintiff had
21 ample opportunity to determine the author of the handwritten notes and take Ms. Schuppan's
22 deposition prior to the discovery cut-off.  Plaintiff received the documents over two months prior to
23 the cut-off date and, given this time lapse, the Court need not permit her deposition.  However, the
24 Court prefers to decide cases on the merits rather than procedural issues and thus finds good cause to
25 permit Plaintiff to inquire into potentially relevant evidence for his case.  Accordingly, the Court
26 hereby GRANTS Plaintiff's request to take the telephonic deposition of Leslie Schuppan for the
27 limited purpose of determining the nature and context of the handwritten notes, including whether
28

2

the statements were motivating factors for the disability re-design.  However, this deposition may only take place if Plaintiff has not already taken ten depositions; this Order shall not constitute permission for Plaintiff to take more than ten depositions.  Further, given that this Order extends a case management deadline, the parties shall file a stipulation before Judge Wilken to extend time pursuant to Civil Local Rule 6.

**IT IS SO ORDERED.**

Dated: February 22, 2006

MARIA-ELENA JAMES
United States Magistrate Judge

3