UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. SIMPSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIREMAN'S FUND INSURANCE COMPANY,<br><br>Defendant,<br><br>and<br><br>FIREMAN'S FUND MEDICAL PLAN,<br><br>Nominal Defendant. | Case No. C05-00225 CW<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND MODIFYING CLASS DEFINITION** |

WHEREAS, the motion of the parties for preliminary approval of settlement having been filed on December 22, 2006, came under this Court's consideration;

WHEREAS, Plaintiff has alleged claims against Defendants for interference with the attainment of rights to benefits pursuant to ERISA §§ 502(a)(3) and 510, 29 U.S.C. §§ 1132(a)(3) and 1140, arising from the adoption and implementation by defendant Fireman's Fund Insurance Company ("FFIC") of an amended leave of absence policy ("Amended Leave of Absence Policy") which provides for termination of the employment of permanently disabled employees who are unable to return to work with or without reasonable accommodations, and a subsequent loss of eligibility to participate in FFIC's ERISA-covered benefit plans, including its medical, dental, and vision care plans.

WHEREAS, the parties to this action have agreed to modify the definition of the class in this action to include:

> All persons who (a), as of July 1, 2004, were employees of FFIC or any of its affiliates, participants in the Medical Plan, and subject to the Amended Policy, and (b) either (i) are still employed by FFIC or any of its affiliates as of the date

of the Preliminary Approval Order or (ii) were discharged on or after July 1, 2004 upon FFIC's or an affiliate's determination that they were unable to return to work pursuant to the Amended Policy.  Excluded from the Class are any officers and directors of FFIC and/or Allianz Group, and any employees who had any decision-making or recommending authority relating to the Amended Policy.

WHEREAS, the Court finds that the above modification of the class definition which was approved by this Court on September 27, 2005 is a clarification of the previously approved class definition and does not in any way prejudice the Class Members;

WHEREAS, the Defendants expressly deny the allegations of wrongdoing and violations of law alleged in this action, and further deny all liability whatsoever to Plaintiff or to the Class Members;

WHEREAS, Plaintiff and Class Counsel have engaged in extensive discussions and negotiations with counsel for Defendants concerning a resolution of the issues raised in this action, including three separate one-day mediation sessions, two of which were conducted under the auspices of the Hon. Charles Renfrew, a retired Judge of this Court; and

WHEREAS, the parties have proposed a settlement of the action, the terms of which are embodied in the Settlement Agreement attached as Exhibit A to Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement; Memorandum of Points and Authorities in Support Thereof ("Settlement Agreement").

**IT IS HEREBY ORDERED:**

1. To the extent defined in the Settlement Agreement and incorporated herein by reference, the terms in this Order shall have the meanings set forth therein.

2. The modification of the class definition proposed by the Parties is hereby approved.  For the purposes of settlement, this Class is now defined as the following:

All persons who (a), as of July 1, 2004, were employees of FFIC or any of its affiliates, participants in the Medical Plan, and subject to the Amended Policy, and (b) either (i) are still employed by FFIC or any of its affiliates as of the date of the Preliminary Approval Order or (ii) were discharged on or after July 1, 2004 upon FFIC's or an affiliate's determination that they were unable to return to work pursuant to the Amended Policy.  Excluded from the Class are any officers and directors of FFIC and/or Allianz Group, and any employees who had any decision-making or recommending authority relating to the Amended Policy.

3. Subject to the receipt and consideration by the Court of any objections to or comments on the Settlement Agreement at the hearing described in Paragraph 8 of this Order, the Court finds the Settlement Agreement and all of its terms to be fair, just, equitable, and in the best interests of the members of the Class. The Court hereby preliminarily approves the Settlement under Rule 23(e) of the Federal Rules of Civil Procedure.

4. The Notice of Pendency of Class Action and Proposed Settlement; Settlement Hearing; Motion for Attorneys' Fees, and Right to Appear (the "Class Notice") in substantially the form attached as Exhibit A to the Settlement Agreement, is hereby APPROVED. Within ten (10) business days of the date the Court enters this Order, the Defendants shall cause the Class Notice to be mailed by first-class U.S. mail, postage pre-paid, to the current or last known address of each Terminated Employee Class Member and of each Active Employee Class Member for whom FFIC has no electronic mailing address on file. Within this same time period, Defendants shall also transmit the Class Notice by electronic mail to all Active Employee Class Members for whom FFIC has an electronic mailing address on file. In the event that a Class Notice sent by mail is returned as undeliverable, FFIC shall make reasonable efforts to obtain a valid address within fifteen (15) days of the date of receipt of the return of the Class Notice. Such efforts shall include conducting a reasonable search for the correct address at a cost of up to $100 per Class Member. FFIC shall pay the cost of conducting such searches. Following each search that results in a corrected address, FFIC shall promptly resend the Class Notice to the Class Member at the corrected address by first-class U.S. mail, postage prepaid. Class Counsel shall cooperate in good faith with the Defendants' reasonable efforts to obtain valid mailing addresses. The search efforts just described must be completed no less than forty-five (45) days before the Settlement Hearing date. Defendants shall also send a copy of the Class Notice to any person who mails FFIC a written request for one postmarked on or before the 45th day following the entry of this Order, provided that the request contains the requesting individual's full name and Social Security number, the name used at the time FFIC terminated that individual's employment, and the dates of that individual's employment with FFIC. Defendants shall mail such Additional Notice within ten (10) days of receiving such a request.

1      5.    The Court hereby appoints Berdon LLP to serve as claims administrator of the Reimbursement Fund established for the benefit of the Terminated Employee Class Members. Defendant FFIC is directed to deposit the monies to fund the Reimbursement Fund in accordance with the Settlement Agreement. Class Counsel shall have authority to withdraw monies for the payment of taxes as necessary without further approval of the Court and withdraw monies for expenses related to administration of the Fund upon approval by the Court. Defendants shall cooperate with Class Counsel and the Claims Administrator in providing information necessary to distribute monies to Terminated Employee Class Members.

    6.    At least thirty (30) days prior to the Settlement Hearing described in Paragraph 8 of this Order, counsel for Defendants shall serve and file a declaration under penalty of perjury evidencing Defendants' compliance with the provisions of Paragraph 4 of this Order.

    7.    The form and manner of delivery of the Class Notice set forth in Paragraph 4 above are hereby found to provide the best notice practicable under the circumstances, and constitute due and sufficient notice, in full compliance with the requirements of Rule 23(3) of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law.

    8.    Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, a hearing (the "Settlement Hearing") shall be held before the undersigned at 10:00 a.m. on March 30, 2007, in Courtroom 2, United States District Court for the Northern District of California, Ronald V. Dellums Federal Building, 1301 Clay Street, Oakland, CA 94612-5217 to determine the fairness, reasonableness, and adequacy of the proposed Settlement and whether it should be finally approved, and to consider the motion of Class Counsel for attorneys' fees, costs, and expenses and the requested payment to the Named Plaintiff.

    9.    Any person or entity wishing to object to the Settlement, or otherwise to be heard concerning the Settlement at the Settlement Hearing, must timely send a notice of intent to object or appear by first-class mail, postage prepaid, to Class Counsel. To be considered timely, the notice must bear a postmark at least twenty-one (21) days prior to the date of the Settlement Hearing. Any person or entity who fails to submit such a timely written notice shall be barred

from making any statement objecting to the Settlement, including at said hearing, and shall forever waive his, her, or its objection, except by special permission of the Court.  Class Counsel shall file a copy of the complete set of the notices of intent to object or appear with the Court no later than fourteen (14) days before the Settlement Hearing.

10. No later than thirty-five (35) days before the Settlement Hearing, Class Counsel shall file with the Court and serve on all parties their motion for attorneys' fees, costs, and expenses, their motion for an incentive award of $5,000 for the Named Plaintiff, and all papers in support thereof.

11. No later than fourteen (14) days before the Settlement Hearing, Class Counsel shall file a motion for Final Approval of Settlement and Dismissal of Action.

12. The Court, having determined that this Litigation may proceed as a non-opt out class action under Rules 23(b)(1) and (b)(2), finds that Class Members shall be bound by the determination at the Final Approval and Fairness Hearing as to whether the Litigation shall in fact so proceed.

13. Pending the Court's further review of the Settlement, all proceedings in the Litigation, other than proceedings pursuant to the Settlement, shall be stayed, and all Class Members shall be enjoined from commencing any other action based upon any of the claims at issue in the Litigation.

14. Jurisdiction is hereby retained over this Litigation and the Parties to the Litigation, and each of the Class Members for all matters relating to this Litigation, the Settlement, including (without limitation) all matters relating to the administration, interpretation, effectuation, and/or enforcement of the Settlement and this Order.  The Court expressly reserves its right to continue the Settlement Hearing from time to time without further direct notice to the Class.

15. If the Court fails to approve the Settlement, the Settlement shall be deemed null and void and shall have no further force and effect, and neither the Settlement nor the negotiations leading to it shall be used or referred to by any person or entity in this or in any other action or proceeding for any purpose.  The Parties shall then be restored to their respective positions in the Litigation as of April 28, 2006.  The rights and duties of the Parties shall revert to

their status prior to the Settlement, and the Litigation shall continue as if the Settlement had not been reached. In such event, any order entered by this Court in accordance with the terms of the Settlement shall be treated as vacated, *nunc pro tunc*.

**IT IS SO ORDERED.**

Dated: January 5, 2007

_____
Claudia Wilken
United States District Court Judge

1-SF/7447115v2