UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. SIMPSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIREMAN'S FUND INSURANCE COMPANY,<br><br>Defendant,<br><br>and<br><br>FIREMAN'S FUND MEDICAL PLAN,<br><br>Nominal Defendant. | Case No.  C05-00225 CW<br><br>**REVISED ORDER AND FINAL JUDGMENT OF CLASS ACTION SETTLEMENT** |

WHEREAS, on January 5, 2007, the Court entered an order preliminarily approving the proposed Settlement of this class action ("the Preliminary Approval Order"), as set forth in the Settlement Agreement dated December 22, 2006 (the "Settlement Agreement");

WHEREAS, the Preliminary Approval Order approved a form of Notice and directed that that Notice be given to all Class Members of the proposed Settlement and of a hearing (the "Settlement Hearing") scheduled to determine whether the proposed Settlement should be finally approved by the Court pursuant to Fed. R. Civ. P. 23(e) as fair, adequate, and reasonable, and to determine whether and in what amount to grant Class Counsel's application for an award of attorneys' fees, costs and expenses, and an incentive payment to the Named Plaintiff;

WHEREAS, on March 30, 2007, the Court held the Settlement Hearing; and

WHEREAS, the Court having considered all papers and matters submitted in conjunction with and at the Settlement Hearing including the objection raised by Beth N. Grijalva; and it appearing that Notice of the Settlement Hearing substantially in the form approved by the Court was timely mailed or e-mailed as directed by the Court in the Preliminary Approval Order;

**THE COURT HEREBY FINDS AS FOLLOWS:**

1. To the extent defined in the Settlement Agreement attached hereto as Exhibit 1 and incorporated herein by reference, the terms in this Order shall have the meanings set forth therein.

2. The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties.

3. The Court has approved the parties' proposed modification to the definition of the class in this action certified by the Court on September 27, 2005 to include:

> All persons who (a), as of July 1, 2004, were employees of FFIC or any of its affiliates, participants in the Medical Plan, and subject to the Amended Policy, and (b) either (i) are still employed by FFIC or any of its affiliates as of the date of the Preliminary Approval Order or (ii) were discharged on or after July 1, 2004 upon FFIC's or an affiliate's determination that they were unable to return to work pursuant to the Amended Policy.
>
> Excluded from the Class are any officers and directors of FFIC and/or Allianz Group, and any employees who had any decision-making or recommending authority relating to the Amended Policy.

Notice of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the class action and of the terms and conditions of the proposed Settlement constituted the best notice practicable under the circumstances, and met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law.

4. The Settlement is finally approved as fair, reasonable, and adequate, and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Agreement.

5. The Complaint is dismissed with prejudice and without costs to any Party, other than as specified in the Settlement Agreement and this Order.

6. Upon the filing of the Implementation Notice, each of the Class Members finally settles, releases, waives, and discharges the Released Claims against the Released Persons to the fullest extent permitted by law. Notwithstanding that any Class Members may hereafter discover

facts in addition to, or different from, those that they now believe to be true with respect to the subject matter of the Released Claims, from and after the filing of the Implementation Notice each Class Member shall be deemed to have fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, that may now exist, may hereafter exist, or may heretofore have existed, against the Released Persons, without regard to the subsequent discovery or existence of such different or additional facts, but Class Members do not release any claims which may arise after the entry of this Order and Final Judgment.

7. Except with respect to a proceeding to enforce the Settlement, the Class Members are hereby permanently barred and enjoined from asserting, instituting, maintaining, prosecuting or enforcing any of the Released Claims against any of the Released Persons in any judicial or administrative forum whatsoever, including such Released Claims as already may have been asserted in any pending action, arbitration or other proceeding.

8. Neither this Order and Final Judgment, nor the Settlement, nor any of their terms and provisions, nor any of the negotiations or proceedings connected with them, nor any of the documents or statements created in furtherance of the negotiations, shall be:

(a) offered or received as evidence of the truth of any allegation or the validity of any claim that has been or could have been made or asserted against any of the Released Persons in this action or any other litigation, or the deficiency of any defense that has been or could have been asserted in this action or in any other litigation;

(b) offered or received as evidence of any liability, negligence, fault or wrongdoing on the part of any of the Released Persons, or deemed to give rise to any presumption with respect to any liability, negligence, fault or wrongdoing on the part of any of the Released Persons;

(c) deemed an admission or concession by any of the Released Persons or Class Members that the consideration to be paid pursuant to the Settlement represents the amount which could be or would have been recovered after trial; or

(d) offered or received as evidence, or deemed an admission or concession by any Class Member, that any of the Released Claims are without merit or that any defenses of the

1    Released Persons with respect thereto have any merit.

2       9.    The Court finds that the payment from the Net Settlement Fund of claims
3    administration fees to the Claims Administrator in an amount not to exceed $10,000 plus out-of-
4    pocket expenses is reasonable and thereby approved.  On behalf of the Claims Administrator,
5    Class Counsel is directed to submit an application for fees and expenses for the Claims
6    Administrator at the time of the Motion for Final Distribution of the Net Settlement Fund.

7       10.   Neither the Settlement Agreement, nor this Order and Final Judgment, nor the fact
8    of the Settlement, is an admission or evidence of any violation of any statute or law or of any
9    liability or wrongdoing by any of the Released Persons or of the truth of any of the claims or
10   allegations made against any of the Defendants in this Litigation or any other action.  This Order
11   and Final Judgment is not a finding of the validity or invalidity of any claims in the Litigation or
12   of any wrongdoing or lack thereof by any of the Released Persons.

13      11.   Without affecting the finality of this Order and Final Judgment in any way, this
14   Court retains continuing jurisdiction over the implementation, interpretation, administration, and
15   consummation of the Settlement; and over all parties to the Settlement for the purpose of taking
16   such other actions as may be necessary to administer, implement or enforce the Settlement.

17      12.   The Distribution Plan for the Net Settlement Fund attached as Exhibit 2 and the
18   Proof of Claim Form attached as Exhibit 3 are hereby approved.  Class Counsel shall submit a
19   motion for distribution prior to distribution of the proceeds of the Net Settlement Fund.
20   Defendants shall cooperate with Class Counsel and the Claims Administrator in providing
21   information necessary to distribute monies to Terminated Employee Class Members.

22      13.   Without further order of the Court, the Parties may agree to reasonable extensions
23   of time to carry out any of the provisions of the Settlement Agreement.

24      14.   There is no just reason for delay in the entry of this Order and Final Judgment, and
25   the Clerk of the Court is directed to enter this Order and Final Judgment forthwith pursuant to
26   Rule 58 of the Federal Rules of Civil Procedure.

27
28   ///

**IT IS SO ORDERED.**

Dated: March 30, 2007

_____
Claudia Wilken
United States District Court Judge

1-SF/7447137v1