UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. SIMPSON, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>FIREMAN'S FUND INSURANCE COMPANY,<br><br>　　　　　　　Defendant,<br><br>　and<br><br>FIREMAN'S FUND MEDICAL PLAN,<br><br>　　　　　　　Nominal Defendant. | Case No.  C05-00225 CW<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

　　　WHEREAS, the motion of the parties for preliminary approval of settlement having been filed on September 20, 2012, came under this Court's consideration;

　　　WHEREAS, this Court previously entered final approval of a Settlement Agreement in this action on March 30, 2007 ("Original Settlement Agreement");

　　　WHEREAS, in or about October 2009, FFIC announced that it was terminating its Post-65 Retiree Medical Program and that it was eliminating all subsidized retiree medical coverage, but was continuing the Pre-65 Retiree Medical Program, which currently requires the participant to pay 100% of the costs of participating in the Program;

　　　WHEREAS, Defendants represent that in or about October 2009, FFIC mailed notices and release forms to eligible Class Members offering a lump sum payment in exchange for a release of all claims arising from or related to FFIC's termination of the Post-65 Retiree Medical Program and the elimination of all subsidized retiree medical coverage;

　　　WHEREAS, Plaintiff, on behalf of himself and the Class, contends that FFIC's termination of the Post-65 Retiree Medical Program and elimination of subsidized retiree medical

coverage violates the terms of the Original Settlement Agreement and that any releases sent to and signed by members of the Class are invalid with respect to Class Members' rights under the Original Settlement Agreement;

WHEREAS, Defendants deny Plaintiff's contentions that they violated the terms of the Original Settlement Agreement and assert that the releases they sent to eligible Class Members that have been signed and returned by those Class Members are valid and enforceable;

WHEREAS, the Parties have agreed that it is in their mutual interest to settle any and all disputes related to and/or arising out of any alleged breach of the Original Settlement Agreement arising out of FFIC's termination of the Post-65 Retiree Medical Program and elimination of subsidized retiree medical coverage, including any claims that the release agreements signed and returned by Class Members are invalid with respect to Class Members' rights under the Original Settlement Agreement; and

WHEREAS, Plaintiff and Class Counsel have engaged in extensive discussions and negotiations with counsel for Defendants concerning a resolution of the issues; and

WHEREFORE, Simpson, individually and on behalf of himself and the Class, and the Defendants entered into a Supplemental Settlement Agreement to settle their dispute and amend the Original Settlement Agreement, subject to the approval of the Court pursuant to Federal Rule of Civil Procedure 23(e).

WHEREAS, the Parties have proposed a settlement of their dispute, the terms of which are embodied in the Supplement Settlement Agreement and Amendment to Stipulation and Agreement of Compromise and Settlement ("Supplemental Settlement") attached to Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement; Memorandum of Points and Authorities in Support Thereof.

**IT IS HEREBY ORDERED:**

1. To the extent defined in the Original Settlement Agreement or the Supplemental Settlement, the terms in this Order shall have the meanings set forth therein.

2. Subject to the receipt and consideration by the Court of any objections to or comments on the Supplemental Settlement at the hearing described in this Order, the Court finds

the Supplemental Settlement and all of its terms to be fair, just, equitable, and in the best interests of the members of the Class. The Court hereby preliminarily approves the Supplemental Settlement under Rule 23(e) of the Federal Rules of Civil Procedure.

3. The Class Notice substantially in the form attached to Plaintiffs' Motion is hereby APPROVED.[1]

4. On or before December 15, 2012, Defendants shall cause the Class Notice to be mailed by first-class U.S. mail, postage pre-paid, to the current or last known address of each Class member. Such efforts shall include conducting a reasonable search at a cost of up to $100 per Class member for the correct address of any Class member for as to whom the Class Notice is returned as undeliverable. FFIC shall pay the cost of conducting such searches. Following each search that results in a corrected address, FFIC shall promptly resend the Class Notice to the Class Member at the corrected address by first-class U.S. mail, postage prepaid. Class Counsel shall cooperate in good faith with the Defendants' reasonable efforts to obtain valid mailing addresses. The search efforts just described must be completed no less than forty-five (45) days before the Settlement Hearing date. Defendants shall also send a copy of the Class Notice to any person who mails to FFIC a written request for one postmarked on or before the 45th day following the entry of this Order, provided that the request contains the requesting individual's full name and Social Security number, the name used at the time FFIC terminated that individual's employment, and the dates of that individual's employment with FFIC. Defendants shall mail such Additional Notice within ten (10) days of receiving such a request.

5. At least fifteen (15) days prior to the Settlement Hearing described in this Order, counsel for Defendants shall serve and file a declaration under penalty of perjury evidencing Defendants' compliance with the provisions of this Order.

6. The form and manner of delivery of the Class Notice set forth in this Order above are hereby found to provide the best notice practicable under the circumstances, and constitute

---

[1] At the Court's instruction, Class Counsel submitted amended versions of the proposed Order and Class notice. The Court has further modified the amended proposed Order and notice and attaches the approved form of notice hereto as Exhibit A.

due and sufficient notice, in full compliance with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law.

7. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, a hearing (the "Settlement Hearing") shall be held before the undersigned at 2:00 p.m. on January 31, 2013 in Courtroom 2, United States District Court for the Northern District of California, Ronald V. Dellums Federal Building, 1301 Clay Street, Oakland, CA 94612-5217 to determine the fairness, reasonableness, and adequacy of the proposed Supplemental Settlement. The date and time of the Settlement Hearing may be changed without providing further direct notice to the Class members. If the date or time of the Settlement Hearing is changed, Class Counsel shall post notice of the change, including the new date and time of the Settlement Hearing, on its website for this case, which is located at http://www.cohenmilstein.com/cases.php?CaseID=74.

8. Any person or entity wishing to object to the Supplemental Settlement, or otherwise to be heard concerning the Supplemental Settlement at the Settlement Hearing, must do one of the following:

    a. timely send to Class Counsel a written objection in compliance with the terms set forth in the Class Notice; or

    b. timely send to Class Counsel a notice of intent to appear, in compliance with the terms set forth in the Class Notice.

As set forth in the Class Notice, the written objection or notice of intent to appear must bear a postmark at least ten (10) days prior to the date of the Settlement Hearing. Any person or entity who fails to submit such a timely written objection and/or notice shall be barred from appearing at the hearing, and shall forever waive his, her, or its objection, except by special permission of the Court. Class Counsel shall file with the Court a complete set of the objections and notices of intent to appear no later than three (3) days before the Settlement Hearing. In addition, Class Counsel shall serve copies of all such objections and notices on Counsel for Defendants within three (3) days after receiving each one. Any response to such objection(s) must be filed with the Court on or before January 28, 2013.

- 4 -

C05-00225 CW
[PROPOSED] ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT

964269.2

9. No later than January 17, 2013, Class Counsel shall file a motion for Final Approval of Settlement and Dismissal of Action.

10. The Court, having previously finally certified the Class in this Litigation as a non-opt out class action under Rules 23(b)(1) and (b)(2), finds that Class Members shall be bound by the determination at the Final Approval and Fairness Hearing.

11. Jurisdiction is hereby retained over this Litigation and the Parties to the Litigation, and each of the Class Members for all matters relating to this Litigation, the Settlement, including (without limitation) all matters relating to the administration, interpretation, effectuation, and/or enforcement of the Settlement and this Order.  The Court expressly reserves its right to continue the Settlement Hearing from time to time without further direct notice to the Class.

12. If the Court fails to approve the Supplemental Settlement Agreement, the Supplemental Settlement shall be deemed null and void and shall have no further force and effect, and the original Settlement shall remain in effect.  In such event, neither the Settlement nor the negotiations leading to it shall be used or referred to by any person or entity in this or in any other action or proceeding for any purpose.  The Parties shall then be restored to their respective positions in the Litigation as of March 16, 2012.  The rights and duties of the Parties shall revert to their status prior to the Supplemental Settlement, and as if the Supplemental Settlement had not been reached.  In such event, any order entered by this Court in accordance with the terms of the Supplemental Settlement shall be treated as vacated, *nunc pro tunc*.

**IT IS SO ORDERED.**

Dated: __December 11__, 2012

Claudia Wilken
United States District Court Judge