JEFFREY LEWIS, State Bar No. 66587
**LEWIS, FEINBERG, LEE, RENAKER & JACKSON P.C.**
476 9th Street
Oakland, California 94607
Tel: (510) 839-6824 / Fax: (510) 839-7839

R. JOSEPH BARTON, State Bar No. 212340
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, N.W., Suite 500 West
Washington, DC 20005
Tel: (202) 408-4600 / Fax: (202) 408-4699

Attorneys for Plaintiff and the Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES W. SIMPSON, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>FIREMAN'S FUND INSURANCE COMPANY,<br><br>　　　　　　　Defendant,<br><br>　　　　　　　and<br><br>FIREMAN'S FUND MEDICAL PLAN,<br><br>　　　　　　　Nominal Defendant. | CASE NO. C 05-00225 CW<br><br>**ORDER ON UNOPPOSED MOTION FOR PLAINTIFF'S FINAL APPROVAL OF SUPPLEMENTAL CLASS ACTION SETTLEMENT**<br><br>Date:<br>Time:<br>Place: Courtroom 2, 4th Floor<br><br>Hon. Claudia Wilken |

　　　　WHEREAS, on December 11, 2012, the Court entered an order preliminarily approving the proposed Supplemental Settlement of this class action ("the Preliminary Approval Order"), as set forth in the Supplemental Settlement Agreement dated September 24, 2012 (the "Supplemental Settlement Agreement");

　　　　WHEREAS, the Preliminary Approval Order approved a form of Notice and directed that Notice be given to all Class Members of the proposed Supplemental Settlement and of a hearing (the "Settlement Hearing") scheduled to determine whether the proposed Supplemental Settlement should be finally approved by the Court pursuant to Fed. R. Civ. P. 23(e) as fair, adequate, and reasonable;

WHEREAS, on January 31, 2013, the Court held the Settlement Hearing; and

WHEREAS, the Court having considered all papers and matters submitted in conjunction with and at the Settlement Hearing; and it appearing that Notice of the Settlement Hearing substantially in the form approved by the Court was timely mailed as directed by the Court in the Preliminary Approval Order;

**THE COURT HEREBY FINDS AS FOLLOWS:**

1. To the extent defined in the Supplemental Settlement Agreement attached hereto as Exhibit 1 and incorporated herein by reference, the terms in this Order shall have the meanings set forth therein.

2. The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties.

3. Notice of the proposed Supplemental Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the class action and of the terms and conditions of the proposed Supplemental Settlement constituted the best notice practicable under the circumstances, and met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law.

4. The Supplemental Settlement is finally approved as fair, reasonable, and adequate, and the parties are directed to consummate the Supplemental Settlement in accordance with the terms and provisions of the Supplemental Settlement Agreement and this Order.

5. Each of the Class Members finally settles, releases, waives, and discharges the claims described in Paragraph 6 of the Supplement Settlement ("Supplemental Released Claims") against the persons specified in that Paragraph 6 ("Released Person') to the fullest extent permitted by law. Notwithstanding that any Class Members may hereafter discover facts in addition to, or different from, those that they now believe to be true with respect to the subject matter of the Supplemental Released Claims, each Class Member shall be deemed to have fully, finally, and forever settled and released any and all Supplemental Released Claims, known or unknown, suspected or unsuspected, that may now exist, may hereafter exist, or may heretofore have existed, against the Supplemental Released Persons, without regard to the subsequent discovery or existence of such different or

additional facts, but Class Members do not release any claims which may arise after the entry of this Order and Final Judgment.

6. Within 30 business days from the date of this Order, Defendant FFIC must send to eligible Class Members who were terminated from participation in FFIC's Retiree Medical Program upon termination by FFIC of that program and to eligible Class Members who would have been become entitled to participate in that Program thereafter, notices of the one-time option to enroll in the Pre-65 Retiree Medical Program on the same terms as other participants in that program. FFIC shall provide to those Class Members information as to the benefits afforded under that program and the premium payable by the Class Members (for coverage of themselves and any eligible dependents).

7. Within 30 business days from the date of this Order, FFIC shall re-send to the 13 eligible Class Members who did not execute the releases sent to them in October 2009, offers of lump sum payments in the same amounts as those initially offered to them in exchange for releases of all claims related to the termination of the Post-65 Retiree Medical Program and the elimination of subsidized retiree medical coverage.

8. Except with respect to a proceeding to enforce the Supplemental Settlement Agreement, the Class Members are hereby permanently barred and enjoined from asserting, instituting, maintaining, prosecuting or enforcing any of the Released Claims against any of the Released Persons in any judicial or administrative forum whatsoever, including such Released Claims as already may have been asserted in any pending action, arbitration or other proceeding.

9. Neither this Order and Final Judgment, nor the Supplemental Settlement Agreement, nor any of their terms and provisions, nor any of the negotiations or proceedings connected with them, nor any of the documents or statements created in furtherance of the negotiations, shall be:

(a) offered or received as evidence of the truth of any allegation or the validity of any claim that has been or could have been made or asserted against any of the Released Persons in this action or any other litigation, or the deficiency of any defense that has been or could have been asserted in this action or in any other litigation;

(b) offered or received as evidence of any liability, negligence, fault or

wrongdoing on the part of any of the Released Persons, or deemed to give rise to any presumption with respect to any liability, negligence, fault or wrongdoing on the part of any of the Released Persons;

   (c) deemed an admission or concession by any of the Released Persons or Class Members that the consideration to be paid pursuant to the Supplemental Settlement represents the amount which could be or would have been recovered after trial; or

   (d) offered or received as evidence, or deemed an admission or concession by any Class Member, that any of the Released Claims are without merit or that any defenses of the Released Persons with respect thereto have any merit.

  10. Neither the Supplemental Settlement Agreement, nor this Order and Final Judgment, nor the fact of the Supplemental Settlement, is an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by any of the Released Persons or of the truth of any of the claims or allegations made against any of the Defendants in this Litigation or any other action. This Order and Final Judgment is not a finding of the validity or invalidity of any claims in the Litigation or of any wrongdoing or lack thereof by any of the Released Persons.

  11. Without affecting the finality of this Order and Final Judgment in any way, this Court retains continuing jurisdiction over the implementation, interpretation, administration, and consummation of the Supplemental Settlement, as well as the Original Settlement; and over all parties to the Supplemental Settlement and Original Settlement for the purpose of taking such other actions as may be necessary to administer, implement or enforce the Supplemental Settlement and/or the Original Settlement.

  12. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Supplemental Settlement Agreement.

  13. There is no just reason for delay in the entry of this Order and Final Judgment, and the Clerk of the Court is directed to enter this Order and Final Judgment forthwith pursuant to Rule

//

//

//

58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:   January 31, 2013

_____
CLAUDIA WILKEN
United States District Court Judge
Northern District of California

[Proposed] Order on Unopposed Motion for Plaintiff's Final Approval of Supplemental Class Action Settlement